UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 18-CR-0115 (PJS/LIB)

            Plaintiff,

v.                                                                    ORDER

KYLE EUGENE HEISLER,

            Defendant.

---

Deidre Y. Aanstad, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Keala C. Ede, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant Kyle Heisler is serving a 67-month sentence after pleading guilty to possessing methamphetamine with intent to distribute. This matter is before the Court on Heisler's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Heisler suffers from a number of serious health conditions and argues that, in light of the current coronavirus pandemic, these conditions constitute "extraordinary and compelling reasons" justifying a reduction in his sentence. The Court agrees, and grants Heisler's motion for release.

### A.  Offense Conduct

Heisler's conviction arose out of a traffic stop that occurred in January 2018. PSR ¶¶ 7–10. A search of Heisler's vehicle produced various drugs and drug paraphernalia, including about 150 grams of methamphetamine. Heisler pleaded guilty to possession

with intent to distribute and was sentenced to 67 months' imprisonment—a sentence substantially below Heisler's Guidelines range of 100–125 months.  *See* ECF No. 46. Heisler is currently incarcerated at FCI Milan, and his projected release date is July 21, 2022.[1]

On August 1, 2020, Heisler submitted a request for compassionate release to the Bureau of Prisons ("BOP"), and the BOP acknowledged receipt two days later.  ECF No. 60 at 1.  Because 30 days have elapsed since the BOP received Heisler's request, Heisler has satisfied the exhaustion requirement of § 3582(c)(1)(A).  The Court granted Heisler's motion to appoint counsel on October 21, 2020, and Heisler's motion for compassionate release was filed on November 2, 2020.  ECF Nos. 57, 59.

### B.  Standard of Review

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that "extraordinary and compelling reasons warrant such a reduction[.]"  According to a policy statement issued by the Sentencing Commission, the court must also find that "the defendant is not a danger to the safety of any other person or to the community" and that "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13.

---

[1]*See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Nov. 16, 2020).

The application notes list several examples of extraordinary and compelling reasons that justify a sentence reduction, including "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13, cmt. n.1(A)(ii). The policy statement also includes a catch-all provision for cases in which "there exists . . . an extraordinary and compelling reason other than, or in combination with," the reasons specifically described by the policy statement. *Id.* § 1B1.13, cmt. n.1(D); *see United States v. Warren*, 456 F. Supp. 3d 1083, 1085–86 (D. Minn. 2020) (applying § 1B1.13 to compassionate-release motions under the First Step Act, but declining to apply the superseded requirement that the Director of the BOP make the determination that the catch-all provision applies).

## C. Application

Heisler suffers from a number of serious health conditions. He was recently diagnosed with chronic obstructive pulmonary disease ("COPD") and has been prescribed corticosteroids to manage his condition. ECF No. 60 at 90, 332. Those corticosteroids suppress Heisler's immune system and thus leave him vulnerable to infectious disease. Heisler also suffers from a form of blood cancer (polycythemia), he is obese, he was a smoker for more than 20 years, and he suffers from high blood pressure and breathing abnormalities. *See* ECF No. 60 at 3, 51, 56, 66, 91, 125. Current

guidance from the Centers for Disease Control and Prevention ("CDC") indicates that

COPD, cancer, obesity, and smoking all increase the risk that a person will develop

severe illness from the virus that causes COVID-19, and that high blood pressure and

the use of corticosteroids may increase the risk of severe illness.[2]

The Court finds that Heisler's underlying health conditions, in combination with

the current coronavirus pandemic, constitute "extraordinary and compelling reasons"

warranting release.  Because of his multiple serious health conditions, Heisler is at a

much greater risk than the average person of suffering severe complications (including

death) if he contracts COVID-19.  And despite the BOP's best efforts, Heisler is at a

higher risk of contracting the virus in prison than outside of prison.  *See* ECF No. 59

at 10–15.  The Court therefore finds that Heisler has made a very strong showing that

there are "extraordinary and compelling reasons" warranting a reduction in his

sentence under § 3582(c)(1)(A)(i).

Indeed, the government acknowledges that Heisler has established that there are

"extraordinary and compelling reasons" justifying release, and opposes Heisler's

motion only on the basis that his release would pose a threat to the community and is

inconsistent with the sentencing factors set out at 18 U.S.C. § 3553(a).  The government's

---

[2]Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions*, (Nov. 2, 2020) http://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

arguments have considerable force, but the Court nevertheless finds that Heisler will not pose a threat to any other person or to the community if released and that the § 3553(a) factors weigh in favor of granting his motion.

Heisler has a long criminal history, but during the nine years preceding his most recent arrest—from January 2009 to January 2018—Heisler had no criminal convictions. For the most part, his criminal record is comprised of offenses that are old and non-violent.  Prior to the instant offense, Heisler had three drug-related felony convictions, all of which are now more than 15 years old.  PSR ¶¶ 35, 41, 42.  More troubling are Heisler's three felony convictions related to harassing and threatening behavior toward an ex-girlfriend.  PSR ¶¶ 44, 46.  Although the details of these offenses suggest a troubling propensity for violence (and, in one instance, damage to property), nothing in the presentence report ("PSR") suggests that Heisler physically harmed anyone in connection with any of the three convictions.  The only conviction in Heisler's criminal history involving physical violence is a 2009 misdemeanor conviction for disorderly conduct; that conviction arose out of a scuffle between Heisler and another inmate that

lasted about 15 seconds.[3]  PSR ¶ 48.  Importantly, there is no evidence that Heisler has ever used a firearm or any other weapon in connection with any of his crimes.

The government argues that Heisler's long history of using and distributing drugs poses a threat to the community.  However, the PSR suggests that, before being caught with 150 grams of methamphetamine, Heisler had been a low-level dealer who sold or transported relatively small quantities of drugs in order to finance his own addiction.  *See* PSR ¶¶ 9–10, 35, 41–42.  Following his most recent arrest, Heisler entered a drug-treatment program and, by all accounts, made remarkable progress in that program prior to having to report to federal prison.  PSR ¶¶ 85–87.  While in prison, Heisler participated in the Resident Drug Abuse Program ("RDAP"), demonstrating a continued commitment to overcoming his addiction.  ECF No. 60 at 322.  If he is released, Heisler has been approved to return to the same residential treatment program in which he was having success before reporting to prison.  ECF No. 62.  The Court therefore finds that there is significant reason to hope that upon release, Heisler will remain sober and will not endanger others by bringing drugs into the community.

---

[3]Heisler also has a 1996 misdemeanor conviction for fifth-degree assault, but the PSR gives no information about the conduct underlying this conviction, and notes only that Heisler spent two days in jail.  PSR ¶ 37.  Heisler has a second fifth-degree-assault conviction from 2006, for which he was sentenced to 90 days in jail after leaving a threatening voicemail on the victim's phone.  PSR ¶ 43.

Finally, the Court finds that the § 3553(a) factors weigh in favor of granting Heisler's motion for release. Although possessing methamphetamine with intent to distribute is a serious crime, Heisler has now served more than two years of his sentence. In that time, Heisler has participated in the RDAP program and other instructional programing, providing Heisler with needed education and treatment. ECF No. 60 at 322, 326. After his arrest and before he reported to prison, Heisler not only did well in treatment, but he worked hard at honest jobs, he reconnected with his children, he became active in the community and in church, and he helped other addicts to get and stay sober. *See* PSR ¶¶ 86–87.

The government points out that the Court already varied significantly downward from Heisler's Guidelines range of 100 to 125 months in imposing a 67-month term of imprisonment, and argues that if Heisler's motion for release is granted, he would not be adequately deterred from future lawbreaking, particularly in light of Heisler's history of violating the terms of his probation. *See* PSR ¶¶ 39, 41–42, 44–46. The government makes a good point, and it gives the Court pause. But given the extremely serious nature of Heisler's health problems and the unusually strong evidence of Heisler's rehabilitation, the Court finds that an exercise of discretion under § 3582(c)(1)(A)(i) is warranted. Of course, should Heisler again become involved in criminal activity, the Court can return him to prison.

The Court therefore grants Heisler's motion for compassionate release, reduces his sentence to time served, and orders his release subject to the terms set forth below.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.   Heisler's motion for compassionate release [ECF No. 59] is GRANTED.

2.   Heisler's sentence of incarceration is reduced to time served, and Heisler shall immediately commence his four-year term of supervised release.

3.   In addition to the terms of supervised release imposed at the time of sentencing, Heisler shall also be subject to the following additional special condition of release:  The defendant shall complete the Salvation Army Adult Rehabilitation Center, Long Term Residential Recovery Program and shall observe the rules of that facility.

4.   Heisler shall be released from the custody of the Federal Bureau of Prisons as soon as his release plan as set out in the Amended Compassionate Release Investigation [ECF No. 62] is implemented, travel arrangements have been made, and any applicable quarantine period required in light of the COVID-19 pandemic has been completed.  The Bureau of Prisons shall have a reasonable amount of time to make arrangements for Heisler's

release.  The Court leaves it to the discretion of the Bureau of Prisons and the United States Probation Office to determine whether quarantine is necessary and, if so, whether that quarantine is served in the Bureau of Prisons's custody or instead in the community.

Dated:  November 16, 2020          s/Patrick J. Schiltz
                                   Patrick J. Schiltz
                                   United States District Judge